JOSÉ AGUSTÍN GUERRA, Plaintiff and Appellee, *v.* MUNICIPALITY OF RÍO GRANDE, Defendant and Appellant.

No. 8343. Argued May 19, 1941.—Decided May 28, 1941.

*George A. Malcolm, Attorney General* and *A. Torres Braschi, Assistant Attorney General,* for appellant. *Carlos D. Vázquez* and *Diego Guerrero Noble,* for appellee.

Mr. Justice Travieso delivered the opinion of the Court.

The plaintiff appellee requests the dismissal of the appeal, alleging that it is frivolous and has been taken for the sole purpose of delaying the execution of the judgment.

The frivolity of the appeal is revealed by a mere recital of the facts involved in the case.

On June 21, 1932, the Municipal Court of Río Grande rendered judgment by default against the Municipality of Río Grande, condemning the latter to pay to the plaintiff José Agustín Guerra the sum of $300 plus legal interest from the date when the complaint was filed, without costs.

As said judgment was never executed and as the term of five years fixed by Section 243 of the Code of Civil Procedure for the execution of judgments had already elapsed, José Agustín Guerra, on August 31, 1939, filed in the Municipal Court of Río Grande a new complaint to collect the amount of $300 granted by said judgment, plus $126 as legal interest from the date when the judgment was rendered.

The defenses interposed by the defendant municipality were: (a) insufficiency of the facts alleged in the complaint; (b) that the municipality complied with the judgment when it included an appropriation to pay the amount granted by the judgment in the budget for the fiscal year 1932–33, and when it ordered the Municipal Treasurer to pay the plaintiff the sum of $336.20, which includes both the principal and interest due to that date, but the Auditor of Puerto Rico refused to authorize the payment of said sum, because he considered that the debt had been contracted illegally by the municipality, that is, beyond the credits assigned by the budget for that year; and (c) that the adequate remedy is that of mandamus.

There is no controversy with respect to the facts. The municipality owed the plaintiff $300, an amount which was the object of a judicial pronouncement in 1932. The defendant not only permitted the case to be decided by default, but also included in its 1932–33 budget the appro-

priation necessary to make said payment. Notwithstanding this appropriation, the fact remains that the plaintiff has not been paid yet. The lower court dismissed the defense interposed by the defendant municipality, holding that the inclusion of an item in the budget for the payment of a money judgment is not evidence that the payment was in fact made.

For these reasons, the appeal must be dismissed as frivolous.